**Tryon Larry SMITH, Plaintiff–
Appellant,**

v.

**Nathan KOURI; et al., Defendants–
Appellees.**

No. 11–56317.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2014.*

Filed March 17, 2014.

Tryon Larry Smith, Lancaster, CA, pro
se.

Kjehl Thomas Johansen, Los Angeles
City Attorney's Office, Los Angeles, CA,
for Defendants–Appellees.

Before: PREGERSON, LEAVY, and
MURGUIA, Circuit Judges.

MEMORANDUM **

California state prisoner Tryon Larry
Smith appeals pro se from the district
court's judgment dismissing as time-
barred his 42 U.S.C. § 1983 action alleging
that defendants used excessive force while
taking him into custody on December 7,
2005. We have jurisdiction under 28
U.S.C. § 1291. We review de novo, *Jones
v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004),
and we affirm.

The district court properly dismissed
Smith's action with prejudice because, al-
though the statute of limitations was tolled
until Smith turned eighteen on February
10, 2007, *see* Cal.Civ.Proc.Code § 352(a)
(tolling if person is under the age of major-
ity at the time the claims accrued), Smith
did not file his complaint until November
30, 2009, more than nine months after the
two-year limitations period expired on
February 10, 2009. *See* Cal.Civ.Proc.Code
§ 335.1 (two-year statute of limitations for
personal injury claims); *Jones,* 393 F.3d at
927 (for § 1983 claims, the courts apply
the forum state's statute of limitations for
personal injury claims); *Knox v. Davis,*
260 F.3d 1009, 1013 (9th Cir.2001) (a
§ 1983 "claim accrues when the plaintiff
knows or has reason to know of the injury
which is the basis of the action" (citation
omitted)).

The district court properly declined to
apply tolling pursuant to Cal.Civ.Proc.
Code § 352.1 which states that prisoners
are entitled to two years of statutory toll-
ing, because at the time Smith's claims
accrued, Smith was not imprisoned on a
criminal charge. *See* Cal.Civ.Proc.Code
§ 357 ("No person can avail himself of a
disability, unless it existed when his right
of action accrued."); *Elliott v. City of Un-
ion City,* 25 F.3d 800, 802–03 (9th Cir.
1994) (explaining that "actual, uninterrupt-
ed incarceration is the touchstone" for as-
sessing tolling in post-arrest custody situa-
tions) (citation omitted).

We reject Smith's contention that he
may invoke tolling pursuant to Cal. Gov't
Code § 945.3. *See Torres v. City of Santa
Ana,* 108 F.3d 224, 227 (9th Cir.1997) (con-
cluding, for purposes of tolling under Cal.
Gov't Code § 945.3, that no charge is

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

"pending" until a criminal complaint is actually filed after an arrest).

**AFFIRMED.**

Before: PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.